# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 11-186 |
| | ) | Judge Nora Barry Fischer |
| SEAN KERRIGAN, | ) | |
| | ) | |
| Defendant. | ) | |

## TENTATIVE FINDINGS AND RULINGS

On February 22, 2012, Defendant pled guilty to one count of structuring currency transactions, in violation of 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2 at Count Five of the Indictment at Criminal Number 11-186.

The United States Probation Officer assigned to this case, Christopher J. Thompson (hereinafter "Probation Officer") prepared a Presentence Investigation Report ("PIR") dated May 14, 2012. (Docket No. 21). Pursuant to the Local Criminal Rules, counsel for the Government and for Defendant each had an opportunity to submit objections to the PIR. On May 16, 2012, the Government filed its Position Regarding the Presentence Investigation Report, wherein the Government sets forth no objections to the PIR and states that it had no anticipated grounds for a departure or variance from the advisory guideline range. (Docket No. 23). The Defendant filed his Position With Respect to Sentencing Factors on May 21, 2012, also stating that he has no objections to the PIR. (Docket No. 24). Subsequently, the Probation Office submitted an Addendum dated May 30, 2012 noting that both the Government and the Defendant had not asserted any objections to the PIR. (Docket No. 25).

I. *Guidelines Calculations*

Therefore, as no objections have been raised to the guidelines calculations in the PIR, the Court makes the following guidelines calculations in accordance with the United States Sentencing Guidelines, which, after the Supreme Court's holding in *United States v. Booker*, 543 U.S. 220 (2005), are merely advisory upon this Court.[1] See also *Gall v. United States*, 552 U.S. 38 (2007); *United States v. Tomko*, 562 F.3d 558 (3d Cir. 2009). The Court tentatively finds as follows:

1. Pursuant to Guidelines §§ 2S1.3 and 2B1.1(b)(1)(E), Defendant's base offense level is 14 because he has been convicted of violating 31 U.S.C. § 5324(a)(3) and the parties have stipulated that the amount of money structured by the Defendant is between $70,000 and $120,000.

2. Pursuant to Guideline § 2S1.3(b)(2), Defendant's base offense level shall be increased by two (2) levels because the Defendant was convicted of an offense under subchapter II or chapter 53 of Title 31, United States Code; committed the offense as part of a pattern of unlawful activity involving more than $100,000 in a twelve month period; and the parties have stipulated that the enhancement applies.

3. Defendant's adjusted offense level (subtotal) becomes 16.

4. Pursuant to Guideline § 3E1.1(a), Defendant's offense level shall be decreased by two (2) levels because he has entered a guilty plea and demonstrated acceptance of responsibility for his criminal conduct.

---

[1] The Court notes that, pursuant to U.S. Sentencing Guideline § 1B1.11(a), because there is no *ex post facto* issue here, the Court applies the Sentencing Guidelines effective on November 1, 2011. *See* U.S. Sentencing Guideline § 1B1.11(a) ("The Court shall use the Guidelines Manual in effect on the date that the defendant is sentenced").

5. Pursuant to Guideline § 3E1.1(b), Defendant's offense level shall be decreased by one (1) level because his offense level is 16 or greater and he timely accepted responsibility for his criminal conduct.

6. Accordingly, Defendant's total offense level is 13.

7. Defendant has zero (0) criminal history points, which, pursuant to the sentencing table at the U.S. Sentencing Guidelines, Chapter 5, Part A, results in a criminal history category of I.

II. *Potential Sentence*

Based on the above Guidelines calculations, Defendant is subject to the following imposition of potential sentence:

1. *Statutory Provision for Custody*: Pursuant to 31 U.S.C. § 5324(a)(3) and 18 U.S.C. § 2, Defendant is subject to a maximum term of imprisonment of five (5) years at Count Five. Count Five is a Class D felony.

    *Guideline Provision for Custody*: Pursuant to the U.S. Sentencing Guidelines, Chapter 5, Part A, based on a total offense level of 13 and a criminal history category of I, the advisory guideline range for imprisonment is twelve (12) to eighteen (18) months. Pursuant to Guideline § 5C1.1(d), because the applicable guideline range is in Zone C of the Sentencing Table, the minimum term of imprisonment may be satisfied by (1) a sentence of imprisonment; or (2) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention, provided that at least one-half of the minimum term is satisfied by imprisonment.

2. *Impact of Plea Agreement*: Aside from the parties' stipulation regarding the specific amount of money structured by the Defendant and any applicable guideline enhancements, the plea agreement had no impact on the sentencing guideline computations.

3. *Statutory Provision for Supervised Release*: Pursuant to 18 U.S.C. § 3583(b)(2), Defendant is subject to a term of supervised release of not more than three (3) years.

   *Guideline Provision for Supervised Release*: Pursuant to Guideline § 5D1.1, the advisory range for a term of supervised release is not less than one (1) year but not more than three (3) years for a Class D felony. A term of supervised release is required under Guideline § 5D1.1(a) if the Court imposes a term of imprisonment of more than one (1) year or when required by statute. If a sentence of imprisonment of one year or less is imposed, supervised release is not required, but is optional, pursuant to Guideline § 5D1.1(b).

4. *Statutory Provision for Probation*: Pursuant to 18 U.S.C. § 3561(c)(1), Defendant is eligible for not less than one (1) or more than five (5) years of probation. In addition, because the instant offense is a felony, one of the following must be imposed as a condition of probation unless extraordinary circumstances exist: a fine, restitution, or community service, pursuant to 18 U.S.C. § 3563(a)(2).

   *Guideline Provisions for Probation*: Pursuant to Guideline § 5B1.1(a), because the Advisory Guideline range is in Zone C of the sentencing table, Defendant is not eligible for probation.

5. *Statutory Provision for Fine*: Pursuant to 18 U.S.C. §§ 3571(b)(3) and/or 3571(d), Defendant is subject to a maximum fine of not more than $250,000.00 or an alternative fine of not more than twice the pecuniary gain or loss.

   *Guideline Provision for Fine*: Pursuant to Guideline § 5E1.2(c)(3), the advisory fine range for the instant offense is from $3,000.00 to $30,000.00.

6. *Statutory Provision for Special Assessment*: Pursuant to 18 U.S.C. § 3013, a mandatory special assessment of $100 is required.

7. *Restitution*: Restitution is not an issue in this case.

8. *Forfeiture*: Forfeiture is not an issue in this case.

III. *Conclusion*

The Court will receive evidence including testimony and hear argument regarding these findings as well as any other motions and responses thereto at the time and place of sentencing in this matter presently scheduled for June 29, 2012 at 9:00 a.m. As set forth in the Court's February 22, 2012 Presentence Order (Docket No. 18), any motions and/or sentencing memoranda shall be filed by June 15, 2012, and any responses to same shall be filed by June 22, 2012.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Date: June 1, 2012

cc/ecf: All counsel of record
       U.S. Probation Office